UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | CASE NO. 20-10794(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| POLYLOK, INC., PETER GAVIN | ) | A.P. NO. 21-01020 |
| AND MICHAEL N. DELGASS, AS | ) | |
| TRUSTEE OF THE PETER GAVIN | ) | |
| SPRAY TRUST | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion for Contempt or Sanctions filed by Debtor/Defendant Michael Hornback ("Debtor") against Plaintiff Polylok, Inc., Peter Gavin and Michael N. Delgass, as Trustee of The Peter Gavin Spray Trust (collectively "Polylok"). The Court considered the Debtor's Motion for Contempt or Sanctions, the Objection to the Motion for Contempt or Sanctions filed by Polylok and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Debtor's Motion for Contempt or Sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Polylok filed suit against Debtor and other defendants in the United States District Court for the Western District of Kentucky, Civil Action No. 3:12-CV-535-CHB-CHL ("The District Court Action"), seeking damages and injunctive relief against Debtor for his violation of a Non-Compete Agreement clause in an Asset Purchase Agreement between the parties. Claims for unjust enrichment and unfair competition were included in that Complaint.

In 2016, Polylok filed a Motion for Summary Judgment in the District Court Action on its breach of contract claims in connection with the Non-Compete Agreement. The District Court granted Polylok's Motion on March 9, 2017, finding that Debtor violated the Non-Compete provision of the Asset Purchase Agreement.

On September 4, 2020, Polylok filed a Motion for Judgment, seeking entry of a five year injunction against Debtor in lieu of monetary damages in the District Court Action. In that Motion, Polylok stated it expressly reserved its right to seek "all available monetary damages" in the event the Motion was denied.

On October 7, 2020, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code with this Court.

On October 20, 2020, the District Court stayed the District Court Action due to the bankruptcy filing and denied Polylok's Motion for Judgment seeking a five year injunction, without prejudice.

On December 16, 2020, Polylok filed a Motion for Relief from Stay with this Court specifically stating that it sought relief from the automatic stay in order to "obtain a judgment solely for injunctive relief against the debtor . . . for his breach of a contractual covenant not to compete,

and to continue prosecution of the action against non-debtor defendants." Following the briefing by the parties on the motion and a hearing on the matter, this Court entered a Memorandum-Opinion on March 19, 2021, granting Polylok's Motion for Relief from Stay. Debtor appealed this Order to the Bankruptcy Appellate Panel for the Sixth Circuit (the "BAP").

On April 14, 2021, after obtaining stay relief, Polylok renewed its Motion for Judgment in the District Court Action and requested a five year injunction against the Debtor.

On April 21, 2021, Polylok filed a Fifth Motion for Extension of Time to Object to Debtor's discharge in the bankruptcy case. The previous four Motions were agreed to by Debtor, but Debtor objected to the fifth request for an extension.

On April 28, 2021, the Court held a hearing on Polylok's Fifth Motion for Extension of Time. Polylok explained that since there was no decision from the BAP on Debtor's appeal of the Stay Relief Order, it made no sense to file a nondischargeability action until that appeal was decided. At that hearing, Debtor tried to get counsel for Polylok to state on the record that Polylok was not seeking monetary damages from Debtor. Counsel for Polylok acknowledged that the issue was not in dispute and that it only had a motion pending in District Court for injunctive relief and that Polylok had not filed a claim for monetary damages in the bankruptcy case. The Court commented at the hearing as follows:

> Okay, I understand. If the Court here decides that there's not an extension of time, and Polylok feels it must lodge a protective complaint for nondischargeability, then the Debtor is going to use that on appeal to defeat the appeal.
>
> So it's chess. We're involved in chess. Well the Court is not going to force Polylok into a decision – I mean I don't know how fast the BAP will work on this. But I'm going to enter an order extension the deadline. You know, this needs to be tried on the merits, not on strategic maneuvers, which I understand, everybody needs to do

what it needs to do.  It's [a] big deal.  It's a [big] deal to the parties.  The Court takes it very seriously.

On the other hand, I don't think at this point it's appropriate for the court to put an arbitrary imposition on Polylok which could be – to file a protective nondischargeability action that would potentially be used against it in its argument on the BAP appeal.  So I'm going to sign the enlargement until August 5th.

On July 23, 2021, this Court entered an Order granting Polylok's Sixth Motion for Extension of Time and extended Polylok's deadline to file a nondischargeability action until October 5, 2021.

On August 25, 2021, the District Court entered an Order denying Polylok's Motion for Injunctive Relief on its claim that Debtor breached the Non-Compete Agreement.  The District Court determined that Polylok had failed to establish that monetary damages were an insufficient remedy for Polylok.

On October 4, 2021, Polylok filed this Adversary Proceeding against Debtor seeking a judgment that any damages due and owing it by the Debtor are nondischargeable pursuant to 11 U.S.C. § 523(a)(6) based upon the Debtor's willful and malicious conduct.  The Complaint contains a second Count asserting an objection to discharge pursuant to 11 U.S.C. § 727(a)(4)(A) for false accounts and oaths made by Debtor at his § 341 Meetings.

On November 18, 2021, the BAP entered an Order affirming this Court's Order granting Polylok's Motion for Stay Relief in this Chapter 7 case.

Also on November 18, 2021, Debtor filed the Motion for Contempt or Sanctions which is currently before the Court.

## LEGAL ANALYSIS

I. Standard for Imposition of Sanctions.

The Debtor's Motion for Sanctions states that Polylok waived its right to monetary damages and that the Complaint in this Adversary Proceeding violates Bankruptcy Rule 9011 because it is (1) presented for an improper purpose, and (2) make claims not warranted by existing law, citing Bankruptcy Rule 9011(b)(1) and (2). In considering a motion for sanctions, the court must consider whether the attorney's conduct was reasonable under the circumstances. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 481 (6th Cir. 1996). When considering the conduct at issue, the court is not to rely on hindsight but rather whether the attorney's conduct in signing the document at issue was reasonable at the time it was submitted. *Id.* Considering the history of the litigation between Polylok and the Debtor, the Court believes the filing of the Complaint herein was reasonable and not a violation of Bankruptcy Rule 9011.

II. Filing the Nondischargeability Complaint Seeking Monetary Damages did not Violate Rule 9011.

At the time Polylok made statements that it was seeking only injunctive relief, the statements were true because the District Court had not yet ruled upon its Motion for Judgment seeking injunctive relief against the Debtor. This was the only remedy Polylok sought at that time. Injunctive relief was Polylok's preferred remedy. However, Polylok did not affirmatively assert that it was waiving any claim to monetary damages. The Court noted in its comments at the hearing on Debtor's Objection to Polylok's Fifth Motion for Extension of Time to File an Adversary Proceeding, it was not this Court's intention to force Polylok to file a "Protective Complaint for Nondischargeability" that the Debtor might somehow use to defeat Polylok's claims. The Court specifically stated that these claims needed to be determined on the merits. Once the District Court

issued its Opinion denying Polylok's Motion for Judgment regarding injunctive relief, the issue was joined and it became clear that Polylok's only avenue to pursue redress against Debtor for violations of the Covenant Not to Compete was a judgment for monetary damages.

The facts before the Court do not establish that Polylok waived its right to seek an award of monetary damages. Waiver is the intentional relinquishment of a known right. It must be distinctly made, either expressly or implied. *Alliant Credit Union v. Baptiste (In re Baptiste)*, 430 B.R. 507, 511 (Bankr. N.D. Ill. 2010). It is a question of fact that is established by a showing that the party intended to relinquish a known right or privilege. *In re Tatge*, 212 B.R. 604 (BAP 8th Cir. 1997).

It is clear that Polylok's counsel stated several times that it was seeking only injunctive relief. This was the sole relief it sought initially from the District Court. These were true statements at the time they were made. At no time, however, was there any mention of waiving monetary damages in the event the District Court denied its motion seeking an injunction. The Court will not infer that Polylok waived any claim to monetary damages in the event its requested relief was denied by the District Court.

The Court is not persuaded that Polylok waived its right to pursue monetary damages. The parties were aware due to statements in the Court's Memorandum-Opinion granting Polylok's Motion for Stay Relief that stay relief was necessary to determine if Polylok had a "claim," which would require a decision on the merits of the nature of the claim for relief sought by Polylok in the Injunction Motion. The Court, in that Memorandum-Opinion, expressed its doubt that injunctive relief constituted a "claim," citing *Kennedy v. Medicap Pharmacies, Inc. (In re Kennedy)*, 267 F.3d 493 (6th Cir. 2001). However, this Court also expressed its belief that the type of relief available to Polylok was a decision to be made by the District Court. The District Court has now determined

that injunctive relief is inappropriate because Polylok did not establish that monetary damages were an insufficient remedy based upon Debtor's breach of the Non-Compete Agreement. Whether Polylok is entitled to monetary damages and if so, in what amount, is an issue to be determined by the District Court since it was the Court of relevant jurisdiction that determined that the Covenant of Non-Compete was breached by Debtor. Once these matters are determined by the District Court, Polylok can proceed with its Adversary Proceeding to determine whether any monetary damage is nondischargeable under the Bankruptcy Code.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order **DENYING** the Debtor's Motion for Contempt or Sanctions Against Polylok, Inc., Peter Gavin and Michael N. Delgass, as Trustee of The Peter Gavin Spray Trust.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 14, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | CASE NO. 20-10794(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| POLYLOK, INC., PETER GAVIN | ) | A.P. NO. 21-01020 |
| AND MICHAEL N. DELGASS, AS | ) | |
| TRUSTEE OF THE PETER GAVIN | ) | |
| SPRAY TRUST | ) | |
| Plaintiff(s) | ) | |
| v. | ) | |
| MICHAEL HORNBACK | ) | |
| Defendant(s) | ) | |

## ORDER

This matter having come before the Court on the Motion for Contempt or Sanctions filed by Debtor/Defendant Michael Hornback against Plaintiff Polylok, Inc., Peter Gavin and Michael N. Delgass, as Trustee of The Peter Gavin Spray Trust, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Contempt or Sanctions, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 14, 2022