UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | CASE NO. 20-10794(1)(7) |
| | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| POLYLOK, INC., PETER GAVIN AND | ) | A.P. NO. 21-01020 |
| MICHAEL N. DELGASS, AS TRUSTEE | ) | |
| OF THE PETER GAVIN SPRAY TRUST | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Summary Judgment of Plaintiffs, Polylok, Inc., Peter Gavin and Michael N. Delgass, as Trustees of the Peter Gavin Spray Trust (referred to herein as "Plaintiffs" or "Polylok"). The Court considered the Motion of the Plaintiffs, the Response of Defendant Michael Hornback (referred to herein as "Hornback" or "Debtor"), and the Plaintiffs' Reply in Further Support of Motion for Summary Judgment. For the following reasons, the Court will **GRANT** the Plaintiffs' Motion for Summary Judgment.

**INTRODUCTION**

The issues in this adversary proceeding arise out of a Judgment Polylok obtained against Debtor after a trial in the United States District Court for the Western District of Kentucky,

Louisville Division, in the matter styled *Polylok, Inc., et al. v. Bear Onsite, LLC, et al.*, D.T. No. 12-00535-CHB (hereinafter referred to as the "District Court Action").

On August 14, 2023, the District Court issued a 46-page Opinion with extensive Findings of Fact and Conclusions of Law in which the Court determined Debtor violated the terms of the Non-Compete Agreement he entered into with Polylok and awarded Polylok $225,330 in damages. Debtor did not appeal the Judgment.

On October 7, 2020, Debtor filed a Voluntary Petition seeking a discharge under Chapter 7 of the United States Bankruptcy Code.

On October 4, 2021, Polylok initiated this adversary proceeding by filing a Complaint to Object to Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 523(a)(6) and to Object to Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A).

Following the District Court's decision on August 14, 2023, in favor of Polylok, Polylok filed a Motion for Summary Judgment seeking judgment against the Debtor under Count I of the adversary proceeding Complaint declaring the District Court Judgment award non-dischargeable under 11 U.S.C. §523(a)(6) of the Bankruptcy Code.

The Court reviewed the Findings of Fact and Conclusions of Law of the District Court, the Motion for Summary Judgment of Polylok, the Response to the Motion for Summary Judgment of Debtor and Polylok's Reply to Debtor's Response.  After extensive analysis of the District Court's Opinion and Judgment, as well as the filings by the parties on the Motion for Summary Judgment in this adversary proceeding, the Court will **GRANT** Polylok's Motion for Summary Judgment and enter the tendered Order finding the debt owed to Polylok non-dischargeable under 11 U.S.C. § 523(a)(6).

**FINDINGS OF FACT**

Polylok is a company that makes effluent filters, which are used to keep solids of various sizes inside septic tanks. In 2006, Polylok acquired a patent, known as the "837 Patent," when it bought a company called Zabel Industries ("Zabel") whose owner invented the septic tank effluent filter.

In 2005, Hornback, who had worked for a company that had manufactured filters for Zabel, decided to start a filter company known as Bluegrass Environmental Septic Technology ("BEST").

In March of 2007, Polylok entered into an Asset Purchase Agreement (the "APA") to buy the assets of BEST. BEST was owned by three individuals, one of whom was Hornback. Polylok insisted that part of the APA include a Covenant Not to Compete for a period of five years from the date of the transaction, March 20, 2005. The Covenant Not to Compete contained the following terms:

> For a period of five (5) years following the Effective Date, Seller and Michael J. Hornback . . . covenant and agree that they shall not, directly or indirectly, own, operate or be employed by any business which manufacturers or sells any effluent septic filter, the rights to which are owned by such business doing the manufacturing or selling, which effluent septic filter competes with the Filter within the United States.

("Non-Compete Provision"). The above section was specifically negotiated between Polylok and the Debtor. In fact, Hornback had attempted to include a term in the Non-Compete Provision which would allow him and his affiliates to manufacture and sell competing effluent filters and components for third parties. Polylok, however, made it clear that it would not move forward with the transaction unless this language was removed from the Covenant.

Hornback understood Polylok's position on the language he attempted to include in the Non-Compete Provision and agreed to delete the provision. Despite this agreement, Hornback continued to discuss with his attorney ways that he could continue to compete with Polylok in the filter business.[1] Hornback contemplated having his wife's molding company or his brother's molding company manufacture the filters as a way of maneuvering around the terms of the Non-Compete Provision. However, Polylok was not informed of Hornback's intentions to continue manufacturing the filters.

For two years following the execution of the APA, the parties complied with the terms of the Agreement and the Non-Compete Provision. In 2009, however, Hornback began consulting with a company called "Bear Onsite" to manufacture competing filters through two of Hornback's companies, Premier and Promold & Tool, LLC. The District Court stated in its findings, ". . . most conspiciously, even though [Hornback] adamantly maintained that his wife owned 100% of Premier, Hornback had no answer for why he was listed as a partial owner on the company's federal income tax returns for 2010 through 2015." Opinion, p. 11. In the District Court's findings, it was clear that Hornback worked with Bear Onsite by 2009 to bring the ML3 Filter to the market, all of which action constituted a breach of the Non-Compete Agreement as early as 2009.

In February 2010, Polylok's Peter Gavin, made an unannounced visit to Hornback's manufacturing facility and discovered a pallet of effluent filters. He confronted Hornback about the filters and Hornback admitted that he knew he should not be manufacturing the filters and agreed to stop. Hornback admitted at trial that he knew Polylok would not be happy that he was

---

[1] Hornback's attorney's notes on these discussions were part of the District Court's Opinion. *See* Opinion, p. 7.

manufacturing and selling the filters. On this point, Judge Boom stated in her Opinion, ". . . this evidence relate(d) to Hornback's knowledge at the time the APA as signed that Polylok understood and expected that Hornback would not be competing with Polylok and yet Hornback both intended to and did so anyway in violation of the APA terms." *See* Opinion, p. 13.

After Gavin's visit to Polylok, Polylok's counsel sent a Cease-and-Desist Letter to Hornback's attorney. Hornback, however, continued to manufacturer and sell the filters through Bear Onsite. This resulted in Polylok filing the District Court Action in 2011. Hornback continued to manufacture and sell competing filters throughout the remainder of the Non-Compete period, until the end of 2013, even through Polylok's 837 Patent was still in force.

On October 7, 2020, Debtor filed a Chapter 7 Petition with this Court.

On March 19, 2021, this Court entered a Memorandum-Opinion granting relief from the automatic stay to allow the District Court Action to proceed.

On August 25, 2021, Judge Boom, following a two day trial, entered Findings of Fact and Conclusions of Law and Judgment in the District Court Action denying Polylok's Request for Injunctive Relief. However, the Court determined that Hornback through his companies infringed on Polylok's patents and specifically stated Hornback's actions in doing so were "willful." Opinion, p. 29. Therefore, the Court entered an award of enhanced double damages on the infringement claims and awarded Polylok damages of $225,333 against Hornback. No appeal of this Judgment was taken.

On October 4, 2021, Polylok filed this Adversary Proceeding seeking a Judgment declaring the $225,333 damage award non-dischargeable pursuant to 11 U.S.C. § 523(a)(6), or in the

alternative, to object to Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A). Polylok's Motion for Summary Judgment, seeks Judgment only under the claim raised under 11 U.S.C. § 523(a)(6).

## **LEGAL ANALYSIS**

The issues in this adversary proceeding involve whether the Judgment awarded to Polylok by the District Court is sufficient for this Court to enter summary judgment in Polylok's favor, based upon the District Court's findings, that the damages awarded to Polylok are nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Based upon the Findings of Fact of the District Court, it is clear to this Court that Debtor's actions in breaching the Covenant Not to Compete with Polylok constituted "willful" and "malicious" injury under 11 U.S.C. § 523(a)(6) of the United States Bankruptcy Code. Therefore, the debt of $225,333 owed to Polylok by Debtor is nondischargeable in this bankruptcy proceeding.

Polylok seeks to have the debt owed to it by Debtor deemed nondischargeable in Debtor's underlying Chapter 7 case based on the characterization of his conduct as "willful and malicious" as set forth in 11 U.S.C. § 523(a)(6). That Section of the Bankruptcy Code states:

> (a) a discharge under 11 U.S.C. § 727 . . . of this title does not discharge an individual debtor from any debt –
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

While the Bankruptcy Code does not define the terms "willful" and "malicious", case law has determined the type of behavior that is considered "willful and malicious". To succeed on any claim under 11 U.S.C. § 523(a), a plaintiff must prove by a preponderance of the evidence each element

to support a determination that a debt is not dischargeable. *In re Smith*, 615 B.R. 214 (W.D. Ky. 2020).

Under § 523(a)(6), the pivotal question concerns the scope of the "willful and malicious" injury. "Willful" means voluntary, intentional or deliberate acts. Only acts done with the intent to cause injury – not merely acts done intentionally – can cause willful and malicious injury. *Kawaawhau v. Geiger*, 523 U.S. 57, 61 (1998). Willful injuries are injuries that occur because the debtor acted with the desire to cause the consequences of his actions, or believes that the consequences are substantially certain to result from them. *In re Markowitz*, 190 F.3d 455, 463 (6th Cir. 1999). In other words, there must be actual intent to cause injury, not merely a deliberate or intentional act that leads to injury. *Geiger*, 523 U.S. at 61. The intent to cause harm can be inferred from the circumstances surrounding the injury.

In order for an injury to be "malicious" under 11 U.S.C. § 523(a)(6) the action taken must be in "conscious disregard of one's duties or without just cause or excuse." *In re Berge*, 953 F.3d 907, 915 (6th Cir. 2020), quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986). The Debtor's actions in continuing to breach the terms of his Covenant Not to Compete with Polylok were without just cause of excuse. In fact, they were also in conscious disregard of his duties under the Covenant Not to Compete. The District Court outlined the various ways that Debtor knowingly and intentionally violated the terms of the Covenant Not to Compete. These actions constitute malicious behavior as required under 11 U.S.C. § 523(a)(6).

Based upon the above analysis, the District Court's findings establish that Debtor desired to cause injury to Polylok or at least believed injury to Polylok was substantially certain to result from his actions. Debtor's actions were intentional and done with intent to injure Polylok. The District

Court's findings were specific on these points. Therefore, the District Court's damage award is nondischargeable under the Bankruptcy Code.

Case law supports these findings. In the case of *In re Sarff*, 242 B.R. 620 (B.A.P. 6th Cir. 2000), the Sixth Circuit determined that damages for breach of contract can be held nondischargeable under 11 U.S.C. § 523(a)(6). In that case, the state court determined that a company whose employee violated a covenant not to compete was entitled to over $20,000 in compensatory damages as well as punitive damages. The plaintiff was required to show more than just a knowing breach of contract, but had to also prove that defendant "intended to cause harm by breaching the contract." *In re Sarff*, at 626, citing *In re Bullock-Williams*, 220 B.R. 345, 347 (B.A.P. 6th Cir. 1998). In *Sarff*, as in this case, the employee filed a Chapter 7 proceeding in Bankruptcy Court seeking to discharge the damage award. The employer then filed a nondischargeability proceeding under § 523(a)(6). The Bankruptcy Court, applying collateral estoppel, granted partial summary judgment to the company declaring parts of the state court's judgment nondischargeable and other parts dischargeable. On appeal, the Bankruptcy Appellate Panel for the Sixth Circuit determined the entire judgment arose from the same conduct which was willful and malicious conduct. Therefore, the entire judgment resulted from the debtor's willful and malicious conduct and the Judgment was held nondischargeable.

In this case, the District Court's Findings of Fact are detailed and extensive. Debtor knew that the Non-Compete Provision was a critical term to Polylok. Hornback specifically agreed with Polylok to remove language he had added to the Covenant which would have allowed him to manufacture the filters on behalf of third parties. Polylok would not go forward with the deal with the inclusion of the language Hornback proposed. The District Court determined that even after

-8-

Hornback agreed to remove this language from the Covenant, he continued to discuss ways "to continue to compete with Polylok in the filter business," and continued to believe he would be able to do so. Opinion, p. 8. He even tried to devise ways in which he could shield his actions by manufacturing the filters through his wife's company. Opinion, p. 9-10. These facts clearly establish Hornback's "willfulness."

Polylok also established that Hornback's actions were "malicious" as required by 11 U.S.C. § 523(a)(6). Hornback's actions in continuing to manufacture the filters after executing the Non-Compete Agreement, which required him to cease such activities, constitutes malicious action. Polylok discovered Hornback was still manufacturing the filters and "despite acknowledging to his counsel that he was acting in violation of the Non-Compete Provision, he continued to do so." Opinion, p. 8. The District Court stated, "This evidence relates to Hornback's knowledge at the time the APA (Covenant Not to Compete) was signed that Polylok understood and expected Hornback would not be competing with Polylok, and yet Hornback both intended to and did so anyway in violation of the APA terms." Opinion, p. 13. This Court could not have better evidence of the Debtor's malice than the words of Judge Boom and her detailed findings in support of the District Court's Judgment against Hornback.

Polylok cites two additional cases involving breaches of covenants not to compete, which support findings of nondischargeability under §523(a)(6). *See In re Hahn*, 2011 WL3993626*1, (Bankr. N.D. Ohio) (where debtor acted in conscious disregard of his contractual duties and without just cause by aiding a competitor behind his employer's back for his own personal gain) and *In re Couch*, 544 B.R. 867, 875 (Bankr. E.D. Ky. 2016) (which held that a knowing and clear violation

of a covenant not to compete by creating a competing company supports a finding of nondischargeability of damages in the subsequent bankruptcy proceeding).

Debtor's conduct, like the debtors in *In re Hahn* and *In re Couch,* constitutes willful and malicious behavior. Debtor's conduct in continuing to manufacture the filters for another company was in conscious disregard of his contractual duties owed to Polylok. Hornback, like the debtor in *Couch* was in essence working for another competing company, while working for Polylok. The District Court's findings, as set forth in the Opinion, provide ample evidence that Debtor knowingly and intentionally, and in conscious disregard of his duties under the Covenant Not to Compete, engaged in malicious behavior as set forth in 11 U.S.C. § 523(a)(6).

Hornback contends that the District Court's Opinion only decided that Hornback breached the Covenant Not to Compete which resulted in the damage award based on breach of contract. Hornback contends this is insufficient to independently support a finding of nondischargeability. The Court agrees that if this was the only issue the District Court decided, it would be nothing more than a breach of contract and would be insufficient to hold the debt nondischargeable. However, the District Court's Opinion goes further than establishing simply a breach of contract. Judge Boom's detailed Opinion following a trial on Debtor's breach of the Non-Compete Agreement shows that the terms of the Covenant were negotiated by Hornback and Polylok and Hornback knew that the terms of the Covenant Not to Compete were critical terms of the Agreement. These terms were meant to "protect Polylok's business and good will." Opinion, p. 7. Hornback specifically tried to include a term in the Covenant that would allow him and his companies to continue to manufacture or sell competing effluent septic filters. *See* Opinion, p. 8. Polylok refused to allow this paragraph to be added to the Covenant Not to Compete and specifically told Hornback it would not move

forward with the deal until this paragraph was removed. As Judge Boom stated, "in other words, all parties to the APA understood and agreed that the non-compete term–excluding Hornback's proposed carve-out–was essential to the Contract." Opinion, p. 8. Despite this knowledge, Hornback continued to intentionally compete with Polylok in the filter business by selling a competing product, he had previously agreed to stop selling. These facts clearly establish Hornback's actions were willful under § 523(a)(6).

The same evidence also establishes that Hornback acted maliciously. The above findings by the District Court establish that Hornback entered into the Covenant Not to Compete knowing he had no intention of upholding his obligations under the Contract and acted with complete disregard of his contractual obligations. The findings establish that Hornback's conduct was voluntary, intentional and deliberate. Furthermore, he knew his actions were wrongful, he did them intentionally, and knew that they would necessarily cause injury to Polylok. These facts also establish that his actions were malicious. The enhanced damages awarded to Polylok in the amount of $225,330 by the District Court further support a finding by this Court that Debtor's actions were "willful" and "malicious" conduct, making the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

In his Response to Polylok's Motion for Summary Judgment, Debtor states that his actions were done after discussing the matters with his attorneys. This Court rejects the Debtor's efforts to explain his action as based upon advice of his counsel. The District Court made no such finding and as Polylok established in its brief, the Debtor's actions were not taken on advice of his counsel but rather in contravention of his advice.

**CONCLUSION**

For all of the above reasons, the Court will **GRANT** Polylok, Inc.'s Motion for Summary Judgment in its entirety and enter the accompanying Order determining that the District Court's Judgment in favor of Polylok is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 21, 2024

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | CASE NO. 20-10794(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| POLYLOK, INC., PETER GAVIN AND | ) | A.P. NO. 21-01020 |
| MICHAEL N. DELGASS, AS TRUSTEE | ) | |
| OF THE PETER GAVIN SPRAY TRUST | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated by reference herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment filed by Plaintiffs Polylok, Inc., Peter Gavin and Michael N. Delgass, as Trustees of the Peter Gavin Spray Trust, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Judgment in the amount of $225,330, awarded to Plaintiffs Polylok, Inc., Peter Gavin and Michael N. Delgass, as Trustees of the Peter Gavin Spray Trust in the District Court Case No. 3:12-cv-535-CHB against Debtor Michael Hornback, be and hereby is, declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

_____
Joan A. Lloyd
United States Bankruptcy Judge

Dated: February 21, 2024